**Dana JUDD;  Gregory Curfman, Plaintiffs–Appellants,**

v.

**Pama BANGEMAN;  et al., Defendants–Appellees.**

No. 07–56815.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 7, 2009.

Dana Judd, Silverado, CA, pro se.

Gregory Curfman, Silverado, CA, pro se.

Lee G. Werner, Esq., Carroll & Werner, Orange, CA, Molly S. Murphy, Office of the California Attorney General, Los Angeles, CA, for Defendants–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**840**

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Dana Judd and Gregory Curfman appeal pro se from the district court's judgment dismissing their action brought under 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003) (*Rooker–Feldman* doctrine); *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir. 2004) (judicial immunity); *Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir.2004) (failure to state a claim). We affirm.

The district court properly dismissed the claims against the state court judges because they are entitled to absolute immunity for actions undertaken in their judicial capacities. *See* 42 U.S.C. § 1983 (barring injunctive relief against a judicial officer "unless a declaratory decree was violated or declaratory relief was unavailable.").

The district court properly dismissed the RICO claim because plaintiffs failed to allege with sufficient particularity a pattern of racketeering activity cognizable under the RICO statute. *See* Fed.R.Civ.P. 9(b); *Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 620 (9th Cir.2004); *see also Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.,* 940 F.2d 397, 405 (9th Cir. 1991) (explaining that Rule 9(b)'s require-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ments apply to RICO actions alleging the predicate act of mail fraud).

Appellants' remaining contentions are unpersuasive.

**AFFIRMED.**